IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


TERRY S. FOX,

               Petitioner,

    vs.                                        Civil Action 2:15-cv-3074
                                           Judge Marbley
                                           Magistrate Judge King


WARDEN, BELMONT CORRECTIONAL
INSTITUTION,

               Respondent.


<u>OPINION AND ORDER</u>

     This is a habeas corpus action under 28 U.S.C. § 2254. This matter is now before the Court on petitioner's *Motion for Discovery*, ECF No. 11. For the reasons that follow, the motion is denied.

     In his motion, petitioner asks for the production of "all documents containing the so called evidence the State used to convict him," and all documents in the possession of his trial and appellate attorneys. *Motion for Discovery*, PAGEID# 214. Petitioner indicates that he has a copy of the trial transcript, but he explains that the requested discovery is "needed to create a solid foundation to support all the grounds contained within the Petition." *Id.*

     The discovery processes contained in the Federal Rules of Civil Procedure do not automatically apply to habeas corpus actions. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley,* 520 U.S. 899, 904 (1997). Rule 6 of the Rules Governing

Section 2254 Cases in United States District Courts provides in relevant part as follows:

> (a) Leave of Court Required. A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery. If necessary for effective discovery, the judge must appoint an attorney for a petitioner who qualifies to have counsel appointed under 18 U.S.C. § 3006A.

> (b) Requesting Discovery. A party requesting discovery must provide reasons for the request. The request must also include any proposed interrogatories and requests for admission, and must specify any requested documents.

Under this "good cause" standard, a district court should grant leave to conduct discovery in habeas corpus proceedings only "'where specific allegations before the court show reason to believe that the petitioner may, if the facts are more fully developed, be able to demonstrate that he is . . . entitled to relief. . . .'"' *Bracy*, 520 U.S. at 908-909 (quoting *Harris v. Nelson*, 394 U.S. 286, 300 (1969)). *See also Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001).

> "The burden of demonstrating the materiality of the information requested is on the moving party." *Stanford*, 266 F.3d at 460. Rule 6 does not "sanction fishing expeditions based on a petitioner's conclusory allegations." *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir.1997); *see also Stanford*, 266 F.3d at 460. "Conclusory allegations are not enough to warrant discovery under [Rule 6]; the petitioner must set forth specific allegations of fact." *Ward v. Whitley*, 21 F.3d 1355, 1367 (5th Cir.1994).

*Williams v. Bagley*, 380 F.3d 932, 975 (6th Cir. 2004).

The *Petition*, ECF No. 1, challenges petitioner's 2013 conviction in the Licking County Court of Common Pleas on charges of gross sexual imposition and intimidation. Petitioner asserts four claims: the evidence was not sufficient to sustain the conviction on either charge; he was denied the effective assistance of counsel when his

attorney failed to explain the nature and cause of the accusations; he was arrested without probable cause or warrant; and the prosecution engaged in misconduct during the opening statement and closing argument. *Petition*. Respondent argues that the latter two claims are procedurally defaulted and that the first two claims are without merit. *Return of Writ*, ECF No. 5.

In the view of this Court, petitioner has not established good cause for the requested discovery. It presently appears that the claims asserted in the *Petition* may be resolved on the record. Moreover, if petitioner concludes that resolution of his claims requires reference to the trial transcript, which he possesses, he remains free to submit the transcript for the Court's consideration.

Accordingly, the *Motion for Discovery*, ECF No. 11, is **DENIED.**


March 29, 2016                          *s/Norah McCann King*
  (Date)                          Norah M$^c$Cann King
                          United States Magistrate Judge