**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**TERRY S. FOX,**

    **Petitioner,**

    v.

**MICHELLE MILLER, WARDEN,**

    **Respondent.**

        **Case No. 2:15-cv-3074
        JUDGE ALGENON L. MARBLEY
        Magistrate Judge King**

## OPINION AND ORDER

In this habeas corpus action under 28 U.S.C. § 2254, Petitioner presents four (4) claims challenging his conviction in the Licking County Court of Common Pleas on charges of gross sexual imposition and intimidation of a witness. On January 5, 2017, the Magistrate Judge denied Petitioner's *Motion for Discovery* (ECF No. 17), recommended that claims three and four be dismissed, and directed Respondent to file a copy of the trial transcripts in order to facilitate the Court's resolution of claims one and two. *Order and Report and Recommendation* (ECF No. 18). Respondent thereafter filed a copy of the trial transcripts. *Notice* (ECF No. 19). On January 24, 2017, the Magistrate Judge issued a second *Report and Recommendation,* recommending that claims one and two be dismissed. *Report and Recommendation* (ECF No. 21). Petitioner objects to both recommendations. *Objection* (ECF No. 20); *Objection* (ECF No. 22). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 20); *Objection* (ECF No. 22) are **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 18) and the *Report and Recommendation* (ECF No. 21) are **ADOPTED** and **AFFIRMED.** Petitioner's *Motion for Discovery* (ECF No. 17) is **DENIED.** This action is hereby **DISMISSED.**

In June 2013, Petitioner was convicted, following a jury trial in the Licking County Court of Common Pleas, on charges of gross sexual imposition and intimidation of a witness in a criminal case. Petitioner claims that the evidence was constitutionally insufficient to sustain his convictions (claim one); that he was denied the effective assistance of trial counsel because his attorney failed to move for a judgment of acquittal, failed to call one "Mike Miller" as a defense witness, generally failed to protect his rights at trial, and failed to explain the charges against him (claim two); that he was convicted in violation of the Fourth Amendment (claim three); and that he was denied a fair trial because of prosecutorial misconduct (claim four). The Magistrate Judge recommended dismissal of these claims as procedurally defaulted or without merit.

Preliminarily, Petitioner objects to the denial of his *Motion for Discovery*. Petitioner complains that his attorney failed to challenge the prosecution's version of events, as set forth in the factual findings of the state appellate court, *see State v. Fox*, No. 13-CA-71, 2014 WL 1520665, at *1-2 (Ohio App. 5th Dist. April 16, 2014), the prosecution's time line of events, and the competency of prosecution witnesses. Petitioner complains that police failed to ask him for his version of events, and that the prosecution failed to question the credibility of its witnesses against him. Petitioner argues that "a properly conducted discovery needs to take place that is thorough and unbiased." *Objection* (ECF No. 20, PageID# 536). However, as the Magistrate Judge noted, Petitioner does not specify the nature of the discovery that he seeks. He has also failed to establish "good cause" for his discovery request within the meaning of Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts. Petitioner points to no specific allegations that would justify further development of the facts or establish that he is entitled to relief. *See Bracy v. Gramley*, 520 U.S. 899, 908-09 (1997)(quoting *Harris v. Nelson*,

394 U.S. 286, 300 (1969)).  Therefore, Petitioner's objection to the Magistrate Judge's denial of his request for discovery is **OVERRULED**.

The Magistrate Judge recommended that claims one (insufficiency of the evidence) and two (ineffective assistance of trial counsel) be dismissed on the merits. In his objection to that recommendation, Petitioner argues that the prosecution edited or fabricated the events at issue. He maintains that the evidence against him constituted a mere suspicion of the possibility that a crime had taken place.  He asserts that the verdict was based entirely on speculation and circumstantial evidence. *Objection* (ECF No. 22, PageID# 554).  Specifically, Petitioner argues that the evidence at trial failed to establish that he was alone with the alleged victim during the relevant time period.  Referring to portions of the trial transcript, Petitioner notes that Kay Spires denied that he had instructed her about what to tell police or threatened her should she testify against him.  Petitioner maintains that his attorney failed to properly question the prosecutor's version of the events.  He complains that his attorney failed to secure an interview of the victim by an independent expert witness.  He argues that the nurse who examined the victim was biased against him.  He complains that his attorney failed to discuss trial strategy with him, and that his appellate counsel failed to review the trial transcript with Petitioner prior to the filing of the appeal.  Petitioner requests the appointment of counsel to assist him in these proceedings.

Petitioner's arguments are not persuasive.  In order to prevail on his claim of insufficient evidence, Petitioner must overcome the two levels of deference accorded under the Antiterrorism and Effective Death Penalty Act ("AEDPA") to the state appellate court's resolution of this claim. *See Coleman v. Johnson*, 566 U.S. —, —, 132 S.Ct. 2060, 2062 (2012)(*per curiam*). This is a difficult hurdle to surmount and, after viewing all the evidence in the light most favorable to the prosecution, *see Jackson v. Virginia*, 443 U.S. 307 (1979), this Court is not persuaded that

Petitioner has done so. Moreover, Petitioner has failed to establish the denial of the effective assistance of trial counsel under the two-prong test of *Strickland v. Washington*, 466 U.S. 668 (1984). Nothing in the record supports Petitioner's allegation that any potential witness could have provided exculpatory evidence for the defense. Further, Petitioner does not refer to, and this Court is unable to locate in the record, any instance in which his trial attorney performed in a constitutionally unreasonable manner to Petitioner's prejudice.

Petitioner also objects to the recommendation that claim three (conviction in violation of the Fourth Amendment) and claim four (prosecutorial misconduct) be dismissed as procedurally defaulted or without merit. Petitioner alleges that his appellate counsel performed in a constitutionally ineffective manner by failing to raise a claim of prosecutorial misconduct on direct appeal, and by filing the appeal without Petitioner's consent and before Petitioner had been given an opportunity to review the trial transcripts.[1] Petitioner generally complains that he has been denied due process and was arrested without a warrant on unsubstantiated charges.

However, Petitioner's Fourth Amendment claim fails to provide a basis for federal habeas corpus relief. *See Stone v. Powell*, 428 U.S. 465, 482 (1976); *Riley v. Gray*, 674 F.2d 522, 526 (6th Cir. 1982). Moreover, Petitioner procedurally defaulted these claims by failing to raise them on direct appeal. An alleged claim of ineffective assistance of appellate counsel cannot constitute cause for this procedural default because Petitioner has failed to establish cause and prejudice for his procedural default of that claim of ineffective assistance of appellate counsel. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000). Additionally, Petitioner points to no new evidence of innocence sufficient to justify a merits review of his otherwise procedurally defaulted claims. *See Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir. 2005).

---

[1] Petitioner states that he gained access to his trial transcripts only after the filing of his appeal to the Ohio Supreme Court.

4

For these reasons and for the reasons detailed in the Magistrate Judge's *Order and Report and Recommendation* (ECF No. 18) and *Report and Recommendation* (ECF No. 21), Petitioner's *Objection* (ECF No. 20); and *Objection* (ECF No. 22) are **OVERRULED.** The *Order and Report and Recommendation* (ECF No. 18) and *Report and Recommendation* (ECF No. 21) are **ADOPTED** and **AFFIRMED.** Petitioner's *Motion for Discovery* (ECF No. 17) is **DENIED.** This action is **DISMISSED.**

The Clerk is DIRECTED to enter FINAL JUDGMENT.

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**United States District Judge**